MARY F. BUFFINGTON *et al. vs.* WILLIS I. WORK *et al.*

JUNE 24, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill for the construction of the ninth paragraph of the will of Hannah S. Work, late of Providence, deceased, August 23, 1910, which will was duly probated in the probate court of that city on October 11, 1910. The cause has been certified to this court by the superior court after that court found that all requirements necessary to bringing the matter here, in accordance with the statute, had been met.

The language which we are asked to construe is as follows: "All the rest and residue of my real estate, or personal property (including my household furniture and money in banks) of which I may die seized or possessed, wherever the same may be found, I give, devise and bequeath to my daughter Mary F. Work, and if she should die without issue, and any of said residue shall remain, it is my desire and request that the same shall revert to my sons (share and share alike) their heirs or assigns."

Hannah S. Work was one of three daughters of Samuel J. Sherman who died intestate at Warwick on April 18, 1872, seized of certain real estate situate in that city. These three daughters were his sole heirs. The other daughters were Mary F. Witherell, nee Sherman, and Julia E. Sherman. Each of them as such heir held an undivided one-third interest in their father's real estate which is described in the complainant's bill as follows: "That certain lot of land with all the improvements thereon situated in the Town of Warwick, State of Rhode Island in that part called Pawtuxet, and bounded as follows, viz.: Easterly on Fair Street, formerly called Bowen Street, One Hundred and fifteen feet;

Southerly on North Fair Street, One Hundred and fifty five feet; Westerly on land formerly owned by Samuel J. Sherman, One Hundred and fifteen feet; Northerly on land now or formerly owned by Edmund Malett, One Hundred and fifty five feet to said Fair Street. Said lot contains Seventeen thousand eight hundred and twenty four square feet be the same more or less, and is the same lot of land that was conveyed by Robert H. Niles by deed to Samuel J. Sherman, November 24, 1853 and which was recorded in the Town Clerk's Office for the Town of Warwick, R. I., December 16, 1853 in book of land evidence No. 29 on page No. 505 to which reference may be had."

On August 24, 1908, Julia E. Sherman conveyed her interest in this real estate to Mary F. Work, who is the chief beneficiary under the ninth paragraph of the will before us. Said Mary F. Work is now Mary F. Buffington, one of the complainants here, and we shall refer to her hereinafter simply as Mary F. Work. After the probate of her mother's will, she was thus entitled to convey an undivided two-thirds interest in the above-described real estate, if the language of that will is construed to give her either a fee simple interest in her mother's undivided third or a life estate coupled with a power to convey.

On December 30, 1916, she joined with the heirs of Mary F. Witherell, who had deceased intestate, in a warranty deed conveying this real estate to John S. Grant and Freda G. Grant, his wife, one of the complainants named in the bill.

The complainants contend that Hannah S. Work intended by the ninth paragraph of her will to give a fee simple to Mary F. Work or at least a power to convey such real estate in her lifetime. The guardian *ad litem,* who filed a brief for parties unascertained or not in being who might be directly or indirectly interested in Hannah S. Work's estate, admits that if those whom he represents are entitled to any interest, they must show that Mary F. Work did not receive a fee or a power to convey. He submits that he can main-

tain neither contention but argues that, if this court holds she received a power and not a fee, the warranty deed was ineffective to exercise the power because Mary F. Work does not state in that deed that she is exercising the power in addition to conveying her own interest in said real estate.

We are of the opinion that the testatrix intended by the language which she used to give her daughter something greater than a mere life estate. Her mode of expressing that intention, however, does not make it clear whether the estate was a fee, as the words of the gift to Mary F. Work are not followed by any words of limitation or other words expressing an absolute quality in the gift, but rather they are followed by words which indicate a contrary intention.

That words of inheritance are lacking is not, of course, sufficient of itself to show that a fee has not been devised. It is expressly provided by general laws, 1923, chap. 298, sec. 14 that a devise shall pass the fee simple notwithstanding the absence of words of limitation, but not if a contrary intention shall appear by the will. This court has several times construed a devise without words of limitation to convey the fee, notwithstanding a later expression of the testator indicating a particular intention to cut down the absolute quality of the prior gift. But in those cases words have not been lacking in the prior gift clearly indicating that it was absolute even though such words were not technical words of limitation.

In such cases, as in those where technical words of limitation were used, this court has applied the well-settled rule of testamentary construction, that a subsequent provision inconsistent with the absolute nature of the prior gift shall be regarded as a repugnant provision and treated as void in law. *Rhode Island Hospital Trust Co.* v. *City of Woonsocket*, 48 R. I. 345. In the application of this rule to any given expression of a testator submitted for construction, the first question for the court to answer is whether the prior

gift is made in such terms as to show an absolute quality or nature.

The language of the will in the instant case shows a gift to Mary F. Work without either technical words of limitation or other words of an absolute nature. On the contrary, in the same sentence and as an integral part of the disposition clause are the words of the testatrix which indicate an intention to qualify the gift under certain contingencies. The cardinal rule in the construction of wills is that the intention of the testator, if it can be definitely ascertained, must govern. *Cook for an Opinion*, 30 R. I. 494, 502. If we adhere to that rule, we cannot disregard the subsequent words of disposition in the will now before us.

When the testatrix speaks of any residue remaining and couples with it the expression, "and if she (Mary F. Work) should die without issue", clearly, it seems to us, that she did not intend to limit her daughter's powers to dispose of such residue in her (Mary F. Work's) own lifetime. On this view of the language of the testatrix, Mary F. Work had, at least, a life estate coupled with a power to alienate the fee in her lifetime.

If the subsequent words are too vague to justify a definite ascertainment of the intention of the testatrix, as suggested by the above view, then they may be disregarded without violence to such cardinal rule of construction, Mary F. Work would then take a fee in accordance with the statutory rule of construction. In either event, she would have the right and power to alienate and convey the real estate; under one view as the owner of the fee and under the other view as the donee of a power exercisable by her in her lifetime.

Whether or not, under our view that Mary F. Work received a power to convey the real estate, she has properly exercised the power in her conveyance to the Grants is not properly before us on a certification for construction of a will. When this court, in such a proceeding, has construed the will its duty has been performed. If there is any question

as to the exercise of the power in the deed to the Grants, which seems to us very unlikely, it may be determined in a proper proceeding for that purpose in the superior court. See *Mason* v. *Wheeler*, 19 R. I. 21, 23.

We find that the complainant Mary F. Buffington, nee Work, residuary devisee aforesaid, had the power to convey the fee simple title to the aforedescribed premises.

On July 5, 1938, the parties may present a form of decree in accordance with this opinion.

*Adolph Gorman,* for complainants.

*Philip A. Gory,* Guardian *Ad Litem.*