KATHERINE T. MEEGAN *et al. vs.* EDWARD M. BRENNAN, *Admr., c.t.a.*

JULY 24, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is a bill in equity for the construction of the will of John F. Gartland, deceased, and was heard before a justice of the superior court on the bill of complaint, answer, replication and evidence.   The cause, being ready for hearing for final decree, was then certified to this court for determination under the provisions of general laws 1923, chapter 339, sec. 35.   The complainants are cousins of the testator, and the respondent is the duly appointed administrator, *c.t.a.*, of the deceased's estate.   The testator's wife was dead and he had no child, ancestors, brothers or sisters living at the time of his death.   The respondent presented before us arguments in favor of the claims of any who might have interests adverse to the complainants in this proceeding.

The will in question was written by the testator himself and reads as follows:

> "The Property at 249 Union Ave. and all things inside same are to be for Kate and May Meegan as joint tenants while they live and no one is to put them out of same. after their death it is to go to Tom Meegan forever for great kindness to my wife Mary Gartland and me.
>
> Signed on July 15 1937 while in full possession of my sences
>
> John F. Gartland

Witnessed by.   Mrs. John Carey

Johanna Ysrowitz"

The bill alleges and the evidence discloses clearly that "Kate and May Meegan" referred to in the will are respectively Katharine T. Meegan and Mary W. Meegan, first cousins of the testator, who are two of the complainants; and that "Tom Meegan" referred to in the will was intended by the testator to mean Thomas F. Meegan, Jr., a second

cousin, rather than his father, Thomas F. Meegan, Sr., both of whom are also complainants. The last identification is further confirmed by the specific disclaimer in the bill of complaint by said Thomas F. Meegan, Sr. of any right to share, as a beneficiary, under the terms of the will in question. The testator died August 3, 1938 and the will was duly allowed for probate by a decree of the probate court of Providence, and no appeal was taken therefrom. Unless otherwise stated, reference hereinafter to the complainants shall mean Katharine T. and Mary W. Meegan.

The three questions that are certified by these proceedings are substantially: First, whether a life estate in said real estate was devised to Katharine T. and Mary W. Meegan as joint tenants, with remainder in fee to Thomas F. Meegan, Jr.; second, whether the balance of account No. 381554 in the Providence Institution for Savings was bequeathed to said Katharine T. Meegan and Mary W. Meegan, or whether it belongs to the respondent as administrator to be distributed as intestate property in accordance with law; third, if said Katharine T. Meegan and Mary W. Meegan are legatees of the balance of said account, whether they may have and retain jointly only the interest on said fund or may also have the principal or any part thereof.

The first question raised is whether a life estate in the described property was devised by said will to complainants Katharine T. Meegan and Mary W. Meegan as joint tenants with remainder in fee to complainant Thomas F. Meegan, Jr. It is a primary rule in the construction of wills that the intention of the testator, if definitely ascertainable and lawful, must govern and that such intention must be ascertained, if possible, from a consideration of the whole will; and it is also well settled that evidence of the circumstances surrounding the testator and existing at the time of the execution of a will may be considered as an aid in ascertaining that intention. *Gould* v. *Trenberth,* 61 R. I. 5, 199

A. 696; *Buffington* v. *Work*, 61 R. I. 133, 200 A. 541, 543; *Billings* v. *Gladding*, 58 R. I. 218, 220; *Edwards* v. *Martin*, 54 R. I. 64; *Howard for an Opinion*, 52 R. I. 170.

Applying the general rules of construction, approved in those cases, to the will in question and the evidence in the transcript, there can be little doubt of the character of the estates intended to be devised by the will, once the beneficiaries have been identified. The evidence being undisputed as to such identifications, we are of the opinion that the testator intended by the terms thereof to devise to the complainants Katharine T. and Mary W. Meegan, as joint tenants, a life estate in the described property with remainder over, in fee, to the complainant Thomas F. Meegan, Jr.

The second question certified is whether the balance of bank account No. 381554 in the Providence Institution for Savings, standing at the testator's death in the names of himself and Marion Fowler and payable to either or to the survivor, was bequeathed by this will to the complainants Katharine T. and Mary W. Meegan. These complainants contend that the will made a valid gift of this bank account to them jointly because the bankbook evidencing this account was inside the testator's described property at the time of his death and therefore must be included in the gift of "The Property at 249 Union Ave. and all things inside same . . . ." They also contend, if we understand their argument, that the evidence actually shows a valid gift to them *inter vivos*, made after the execution of the will; but that, in this proceeding, the testator's alleged expression of that donative intent should be used in the construction of the will as of the date of his death.

On the other hand, the respondent by his answer and evidence contends that the testator never intended that this bank account should pass, by the terms of his will, as a gift to these complainants; and that the testator's intention must

be ascertained from the whole will and the circumstances surrounding him at the time of its making rather than at the time of his death.

We are of the opinion that the testator's will takes effect as of the date of his death but that his alleged intention thereby to make a gift of this account to complainants may be ascertained from the language of the whole will and the facts and circumstances surrounding the testator at the time of its execution. See *McCanna* v. *Hanan,* 49 R. I. 349, 354; *Moran* v. *Cornell,* 49 R. I. 308, 312. If this law be applied to this holographic will and the other circumstances and facts existing at the time of its making, we think that neither the will nor the evidence discloses that the testator intended to include the balance of the bank account in question in the terms of gift stated by him in his will; and that the complainants Katharine T. and Mary W. Meegan did not take, under the terms of the will, a valid gift of the balance of that bank account.

It will be noted that the language of the will, making a gift to the complainants for life, does not expressly include this bank account or any chose in action; and that such language does not stop with "The Property at 249 Union Ave. and all things inside same", as complainants' contention would have it. On the contrary, the testator added thereto, in the same sentence and without separation of thought, this significant qualification by way of admonition: "and no one is to put them out of same."

We think that the addition of this language throws considerable light upon the "things" which he intended to be included in that gift. The ordinary and more reasonable interpretation seems to us to indicate the testator's intention thereby to provide the complainants Katharine T. and Mary W. Meegan with a house and all tangible appurtenances thereunto belonging, so that they always would be assured of

a place in which to live; in other words, a home for life from which "no one is to put them out of same". In the light of this self-expressed qualification by the testator, the natural interpretation of the language of the will as a whole would not ordinarily include a bank account.

This conclusion is supported by the evidence. There may be evidence relating to a later alleged valid gift *inter vivos*, as complainants seem to contend; but there is no evidence to show that a gift to complainants was intended by the testator *under the terms of the will*. Further, it is undisputed that the money in this bank account was originally the property of the testator's late wife and stood in her maiden name; that the testator received that money as beneficiary of her estate; that, after her death, that account was closed and the proceeds thereof were redeposited, on July 2, 1937, by the testator in the names of himself and Marion Fowler, who was a niece of his wife; and that the bankbook was always in his control and was inside the described property when he made his will on July 15, 1937, less than two weeks after opening the account and making Marion Fowler a joint payee.

The evidence further shows that the testator, evidently having in mind his positive act in making that account payable to Marion Fowler if she survived him, failed to change that account or expressly to make a different disposition thereof by the language of his will; and that Marion Fowler claimed the right to it in litigation in which the complainants, although having notice, failed to intervene or assert any claim thereto by reason of this will. A compromise with Marion Fowler, effected by that litigation, left her without further interest in these proceedings, and brought into the respondent's hands the balance of the account.

All of these facts indicate to us that the testator, at least at the time he opened this account and also when he made

his will, believed that he had effectually disposed of that account to Marion Fowler whom he expected to survive him; and that such belief continued when he made his will giving "all things inside" the house to the complainants Kate and May Meegan for life.

The complainants contend that such a construction might result in partial intestacy which is always to be avoided wherever the language submits to another reasonable construction. However, in the instant cause, such intestacy would come about not so much through any construction of the will as through our giving effect to the testator's disclosed intention at the time he made it. More accurately, perhaps, it would result because the respondent, through litigation against Marion Fowler over the bank account, has succeeded in bringing back into the estate a part of that money which the testator, when he made his will, evidently believed was already disposed of effectually by means of the joint account. His failure to add a residuary clause is entirely consistent with such intention and belief.

In any event, any presumption that might ordinarily exist against the testator's intention to have part of his estate go as intestate property seems to have been met and overcome by the qualifying language of this holographic will; and by the other uncontradicted evidence of surrounding circumstances, including the testator's positive action in at least attempting to make a gift of the bank account to Marion Fowler, and his failure to change the account at the bank, or to include it expressly or by necessary implication in the terms of his will.

Therefore, we are of the opinion that the language of the whole will and the evidence of the circumstances surrounding the testator at the time of its execution lead to the natural and reasonable conclusion that he did not intend to give to Katharine T. Meegan and Mary W. Meegan, and

that they did not take, under the terms of the will, any valid gift of the bank account for life or otherwise. In view of this answer it becomes unnecessary to consider the third certified question.

On October 2, 1939, the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Cooney & Nolan*, for complainants.

*Brennan & Johnson, Edward M. Brennan*, for respondent.