J-S40038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH RICHARDS | : | |
| | : | |
| Appellant | : | No. 2253 EDA 2017 |

Appeal from the PCRA Order June 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006071-2010

BEFORE: LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 13, 2018**

Kenneth Richards appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed under the Post-Conviction Relief Act (PCRA)[1]. After careful review, we affirm on the basis of the opinion authored by the Honorable Glynnis Hill.

On April 10, 2010, John Raksnis got into an argument with Richards' cousin, "Dee." Richards also began arguing with Raksnis, and attempted to follow Raksnis into Raksnis' home. Richards was prevented from entering the home by Raksnis' pitbulls. Richards left and returned with a semi-automatic firearm, firing eight shots at Raksnis. Raksnis was hit twice, once in his side and once in his abdomen. When interviewed by police the next day, Raksnis

_____

[1] 42 Pa.C.S. §§ 9541-9546.

_____

* Retired Senior Judge assigned to the Superior Court.

told the officer that "Ken-Ken" shot him, and he identified Richards as the shooter in a photo array. Raksnis again identified Richards as the shooter at the preliminary hearing. At trial, however, Raksnis testified that it was actually Richards' cousin, Dee, who shot him. Raksnis testified that he informed the former prosecutor, Thomas Lipscomb, Esquire, of this fact, but Dee was never investigated. Attorney Lipscomb testified that he believed Raksnis recanted his testimony out of fear of Richards and his family.

Richards was convicted of attempted murder, aggravated assault and related firearms offenses. The court sentenced him to twenty to forty years' imprisonment followed by ten years' probation. Richards appealed, challenging the sufficiency of the evidence, and on January 13, 2014, this Court affirmed his judgment of sentence. On December 29, 2014, Richards filed a *pro se* PCRA petition. The court appointed new counsel, who filed an amended petition on April 1, 2016, claiming ineffectiveness of trial counsel. Richards' PCRA petition was denied on June 28, 2017.

This timely appeal follows, in which Richards claims that trial counsel was ineffective for failing to object to the testimony of Attorney Lipscomb, who said that he believed Raksnis was lying when Raksnis testified at trial that Richards was not the shooter. Richards contends that Attorney Lipscomb's testimony constituted improper opinion testimony and that it was inappropriate because Lipscomb was counsel for the Commonwealth during

the preliminary hearings. Richards also claims that he is entitled to an evidentiary hearing pursuant to the PCRA.

Our scope and standard of review of decisions denying relief pursuant to the PCRA is well-settled. Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record and whether its conclusions of law are free from legal error. *Commonwealth v. Chmiel*, 173 A.3d 617, 624 (Pa. 2017). Our review of questions of law is *de novo*. *Id.* at 625. Under Pennsylvania Rule of Criminal Procedure 907, the PCRA court may dismiss a petition without a hearing if, after reviewing the petition, it is "satisfied from this review that there are no genuine issues concerning any material fact," and thus, the defendant is not entitled to relief. Pa.R.Crim.P. 907(1). When performing this review, the court must find that "the facts alleged would not, even if proven, entitle the defendant to relief[.]" *Id.* at comment.

Richards' claim implicates the effectiveness of trial counsel. To prove ineffectiveness, an appellant must first overcome a presumption of counsel's competence by showing that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different.

*Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). For the reasons laid out by Judge Hill in his opinion filed on October 2, 2017, Richards'

claims of ineffectiveness fail to overcome the presumption of counsel's competence.

Richards' underlying claim is that Attorney Lipscomb's testimony was inadmissible as improper opinion testimony. "[W]e will not reverse a trial court's decision to allow a witness to testify absent a showing that the trial judge abused his discretion." ***Commonwealth v. Randall***, 758 A.2d 669, 676 (Pa. Super. 2001). Opinion testimony from a lay witness is admissible as long as it is "(a) rationally based on the witness'[] perception; (b) helpful to clearly understanding the witness'[] testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Pa.R.E. 701.

Here, as the trial court properly notes, Attorney Lipscomb's testimony was rationally based on his experience with Raksnis and his perception of Raksnis' demeanor. Moreover, the testimony was helpful to explain why Raksnis may have recanted to the jury. Finally, "there is no *per se* rule which prohibits an assistant district attorney who has handled the preliminary hearing phase of the prosecution of a defendant from later testifying at the defendant's trial, particularly whenever the trial is being conducted by a different assistant district attorney altogether." ***Commonwealth v. Randall***, ***supra***, at 676.

Richards is also not entitled to an evidentiary hearing under the PCRA. As the trial court correctly notes, a petitioner is only entitled to an evidentiary

hearing when he presents a genuine issue of material fact.  **See** Pa.R.Crim.P. 909(B)(2); **see also Commonwealth v. Walker**, 36 A.3d 1, 17 (Pa. 2011) (PCRA petitioner not entitled to evidentiary hearing as matter of right).  Here, there is no genuine issue of material fact because Richards' claim of counsel's ineffectiveness is meritless on its face.

Upon careful review of the record, the briefs, and the relevant law, we can discern no abuse of discretion or error of law on the part of the trial court in denying Richards' PCRA petition.  We conclude that Judge Hill thoroughly addresses Richards' claims and we affirm on the basis of his opinion.  The parties are directed to attach a copy of that opinion in the event of further proceedings in this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/18

**FILED**

OCT 0 2 2017

Office of Judicial Records
Appeals/Post Trial

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA  :          TRIAL DIVISION

                          :

V.                             :          CP 51-CR-0006071-2010

                          :

KENNETH RICHARDS, APPELLANT    :          No. 2253 EDA 2017

## OPINION

This opinion addresses Appellant Kenneth Richards' appeal of this Court's dismissal of his Amended Petition for Relief pursuant to the Post Conviction Relief Act.[1] The issues raised in the Appellant's appeal lack merit for the reasons set forth later in this opinion.

## I. CASE HISTORY

On April 15, 2010, the police arrested Appellant for attempted murder. The Commonwealth later charged the Appellant with Criminal Attempt (H1), Aggravated Assault (F1), Possession of a Firearm Prohibited (F2), Carrying Firearms in Public (M1), Possession of an Instrument of Crime with Intent (PIC) (M1), Simple Assault (M2), and Recklessly Endangering Another Person (M2). The trial was assigned to the Honorable Adam Beloff.

On February 6, 2012, a jury found the Appellant guilty of attempted murder, aggravated assault, possession of prohibited firearms, carrying firearms without a license, carrying firearms in public in Philadelphia, and possessing an instrument of crime.[2] On June 5, 2012, the court sentenced Appellant to an aggregate term of imprisonment of twenty to forty years, followed by ten years of probation.



CP-51-CR-0006071-2010 Comm v Richards, Kenneth
Opinion

8010044851

---

[1] 42 Pa.C S §§ 9541 et seq
[2] Court Summary Report for CP-51-CR-0006071-2010

1

The Appellant appealed, challenging the sufficiency of evidence against him. On January 13, 2014, the Superior Court affirmed his judgments of sentence.[3] The Appellant did not seek further appellate review.

On December 29, 2014, the Appellant filed a pro se petition for relief pursuant to the Post Conviction Relief Act. Appointed Counsel John P. Cotter, Esq. filed an Amended Petition on April 1, 2016, asserting that trial defense counsel was ineffective at trial because counsel did not object to the testimony of ADA Thomas Lipscomb, Esq. Since Judge Beloff was no longer sitting, the PCRA matter was assigned to the Honorable Glynnis D. Hill on February 8, 2017. On June 28, 2017, Judge Hill dismissed the Appellant's PCRA Petition. On July 12, 2017, Mr. Cotter filed a Notice of Appeal to the Superior Court of Pennsylvania raising the following issues:[4]

1. Trial defense counsel was ineffective because counsel failed to object to the testimony of ADA Thomas Lipscomb, Esq., who testified that it was his opinion that the complaining witness was lying when the complainant testified at trial that the defendant was not the perpetrator of the crimes. This was improper opinion testimony.

2. Trial defense counsel was ineffective because counsel failed to object to the testimony of ADA Lipscomb, who represented the Commonwealth at the preliminary hearing in the matter and was an active counsel for the Commonwealth. A lawyer cannot testify in a case where he represents one of the parties.

3. The trial court erred in denying the defendant an evidentiary hearing on the ineffective assistance of trial defense counsel in this matter.

4. The sentence imposed was illegal because it was imposed under a mandatory minimum sentence statute that has been ruled to be unconstitutional and illegal. See Alleyne v. United States, 133 S.Ct. 2151 (2013).

---

[3] Commonwealth v. Richards, 96 A 3d 1079 (Pa Super. 2014)
[4] Appellant's Statement of Matters Complained of on Appeal Pursuant to Pa R.A P 1925(b)

2

## II. FACTS

On April 10, 2010, John Raksnis, the complainant, was repairing his girlfriend's car in the driveway of the house he was renovating at 530 Moore St. in Philadelphia.[5] The Appellant's cousin began arguing with the complainant. The argument was encouraged by a group of residents from the same block.[6] The Appellant later began arguing with the complainant. When the complainant went into the house, Appellant tried to follow him.[7] However, the complainant's three pitbulls prevented Appellant from entering the house. The Appellant stated, "I got something real nice for you. I'll be back." He returned with a semi-automatic firearm and shot at the complainant eight times.[8] The complainant was hit with two bullets in his abdomen and side; his bowel was perforated and ultimately part of his colon was surgically removed.[9] The first officer who responded at the scene transported the complainant to the hospital.[10]

The next day the complainant told Lieutenant Brian Sprowal and Detective Gibson at the hospital that a man he knew as "Ken-Ken" shot him.[11] As a result, the officers contacted Officer Edward Salaman of the Criminal Intelligence Unit. Officer Salaman told them the Appellant was known as "Ken-Ken."[12] Lieutenant Sprowal and Detective Gibson later put the Appellant's picture in an eight-person photo array. When they showed complainant the array, he immediately identified the Appellant as the man who shot him. He subsequently identified the Appellant again at the preliminary hearing.[13]

---

[5] N.T. 1/31/12 at 46-47
[6] Id at 49-50
[7] Id at 51-53, 61-67, 73, 86, 91, 102-103, 173-182
[8] Id at 165
[9] Id. at 54-55
[10] Id at 57.
[11] Id at 68
[12] Id. at 177-178.
[13] Id at 68-69, 86, N T 2/1/12 at 30, 43

3

The trial was held on January 31, 2012. At the trial, the complainant testified that the Appellant's cousin, "Dee," had shot him.[14] The complainant testified that he tried to tell the previously assigned ADA (Thomas Lipscomb)[15] that "Dee" had shot him, but Lipscomb became angry and kicked him out of his office. ADA Lipscomb later testified that he believed that the complainant was recanting his testimony near the trial date because he was afraid of Appellant and his family.[16]

### III. DISCUSSION

I. **Appellant's trial counsel was not ineffective when he failed to object to testimony as improper opinion testimony.**

The Appellant claims that his trial counsel was ineffective because he did not object to ADA Lipscomb's testimony as improper opinion testimony. However, the failure of trial counsel to object to Lipscomb's testimony does not satisfy the burden required to prove ineffective assistance of counsel.

It is well-settled law in Pennsylvania that the Appellant has the "burden to prove allegations of ineffectiveness. Counsel is presumed effective." Commonwealth v. Baker, 617 A.2d 663, 673 (Pa. 1992). To prevail on an ineffectiveness claim, the Appellant must overcome the presumption of competence by showing that: (1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Commonwealth v. Wharton, 811 A.2d 978, 986 (Pa. 2002) (quoting Strickland v. Washington,

---

[14] N T 1/31/12 at 54-55, 119-120, 122-123
[15] Thomas Lipscomb appeared on behalf of the Commonwealth at hearings on 5/23/2011 and 10/17/2011
[16] N T 2/1/12 at 104-106.

4

466 U.S. 688; 122 S. Ct. 1843 (1984)). The Appellant's failure to satisfy any of these prongs requires the court to reject his claim. Id.

The first two prongs of this ineffectiveness test focus on counsel's performance. See Commonwealth v. Pierce, 527 A 2d 973, 975 (Pa. 1987). The first prong requires the Appellant to show that the underlying claim has arguable merit. Id. The second prong requires the Appellant to demonstrate that the actions taken by counsel had no reasonable basis. Id. If the Appellant can show that counsel's performance had no reasonable basis, then counsel has prejudiced his client. Id. The third prong requires the Appellant to show that there is a reasonable probability that the outcome would have been different If the Appellant fails to satisfy the third prong, his claim may be dismissed on this basis alone. If prejudice is not shown, the court need not address the other prongs. Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998) (citing Commonwealth v. Travaglia, 661 A.2d 352, 357 (Pa. 1995)).

In our case, the Appellant is unable to meet the first requirement because his underlying claims lack merit. He claims that ADA Lipscomb's testimony was improper opinion testimony. As a lay witness, Lipscomb's opinions were limited to those that were "(a) rationally based on [his] perception; (b) helpful to clearly understanding [his] testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope [of expert witness testimony]."[17] Much of Lipscomb's testimony was "rationally based" on his perception of Raksnis' demeanor. For example, Lipscomb described meeting Raksnis to discuss the case, described the conversation they had, and described Raksnis' demeanor during the conversation.[18] He also described the complainant's nervous demeanor. He further testified that the complainant's recantation close to trial suggested that he was afraid of the Defendant. On the

---

[17] Pa R.E Rule 701
[18] N.T. 2/1/12 at 102-108.

5

whole, Lipscomb's testimony was rationally based on his perception and prior dealings with the complainant. Since Lipscomb's testimony helped explain to the jury why Raksnis may have recanted (and was based on personal knowledge), it met the requirements of Rule 701. Therefore, the Appellant's underlying claim fails the first prong.

Furthermore, the Appellant cannot show that his counsel acted unreasonably under the second ineffectiveness prong. Trial counsel did not object to Lipscomb's testimony because it was not inadmissible under the circumstances. As previously mentioned, Lipscomb's testimony explained to the jury why the complainant recanted his earlier testimony. Arguably, counsel had reasons not to object when the testimony was relevant. As counsel's actions were not unreasonable, this prong fails as well.

Finally, Appellant is unable to meet the requirement of the third prong because there is no reasonable probability that the outcome of the trial would have been different. Even if counsel had objected, there would have been no reason for the court to exclude relevant opinion testimony from the record. The testimony would have been admitted, and the trial would have continued. Therefore, the Appellant's claim fails under the third prong. Overall, since the Appellant cannot satisfy any of the three prongs, his first claim should be dismissed.

## II.  Appellant's trial counsel was not ineffective when he failed to object to ADA Lipscomb's testimony based on his representation of the Commonwealth.

The Appellant next claims that trial counsel was ineffective because he failed to object to ADA Lipscomb's testifying as a witness at trial. This claim fails for two reasons. First, the Appellant does not establish that counsel was ineffective. Second, the Appellant's claim was not previously raised in the lower court.

As previously stated, three prongs must be satisfied in order to prove ineffective assistance of counsel. The Appellant must show that his underlying claim has merit, that

6

counsel's course of conduct did not have any reasonable basis, and that there would have been a reasonable probability that the trial would have had a different outcome but for counsel's ineffectiveness.

Initially, the Appellant fails to satisfy the first prong because his underlying claim has no merit. While ADA Lipscomb did represent the Commonwealth during the preliminary hearings, he was not the prosecuting attorney during the trial. Furthermore, any person with personal knowledge of the matter at hand, other than the presiding judge, may be a witness unless otherwise provided by statute.[19] Since there is no merit to the underlying claim, the Appellant fails the first prong.

Going one step further, trial counsel did not act unreasonably when he did not object to Lipscomb's testimony. Even if counsel had objected, he would have most likely been overruled. Therefore, the Appellant fails to satisfy the second prong.

Lastly, even if counsel had objected to ADA Lipscomb's testimony, there was no reasonable probability that the outcome would have been different. Since the outcome would have been the same, the third prong of the test fails.

In closing, the Appellant failed to meet the three prongs of the ineffectiveness test. However, even if Appellant had satisfied the Strickland prongs (proved that counsel was ineffective), this claim must be dismissed because it was not raised in the PCRA petition or at any other time in the lower court. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."[20] This appeal is the first time that the Appellant is raising the issue of ADA Lipscomb's representation of the Commonwealth. Therefore, this issue is waived.

---

[19] Pa R.E. Rule 601, 602, 605
[20] Pa.R.A.P. Rule 302

**III. The Court did not err in denying Appellant an evidentiary hearing on the ineffective assistance of trial defense counsel matter.**

The Appellant next contends that the Court erred by failing to hold an evidentiary hearing to determine whether he was prejudiced by ineffective assistance of counsel as raised in the Amended PCRA Petition. This court disagrees.

It is well settled that PCRA petitioners are not automatically entitled to evidentiary hearings. Commonwealth v. Walker, 36 A.3d 1, 17 (Pa. Super. 2011). An evidentiary hearing is only required when a petitioner presents a genuine issue of material fact. Id. The Court may use its discretion to determine if any of the petitioner's claims warrant a hearing. In Walker, the court dismissed the Appellant's PCRA Petition without an evidentiary hearing, asserting that his claims did not entitle him to any relief. Upon further review, the Pennsylvania Supreme Court found that the PCRA court did not abuse its discretion by not holding an evidentiary hearing because there were no genuine issues of material fact.

Under Rule 907(4), when a PCRA petition is dismissed without a hearing, a judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.[21] This is the procedure the Court must go through in order to dispose of a PCRA petition without a hearing.[22] So long as the Court follows this process, the Court has not unfairly rejected the petition or abused its discretion in doing so.

In our case, the Appellant was not entitled to an evidentiary hearing because, as in Walker, he had not presented any issues of material fact. Nor were the issues he raised in the

---

[21] Pa.R Crim P. Rule 907(4)
[22] Id.

8

Amended PCRA Petition based on issues of fact. The Court also filed a dismissal notice of the PCRA Petition in accordance with Rule 907. Hence, this claim is not persuasive.

## IV. The mandatory sentence was properly and legally imposed.

The Appellant finally argues that his mandatory sentence was illegal because it was "imposed under a minimum mandatory sentence statute that has been ruled to be unconstitutional and illegal. See Alleyne v. United States, 133 S.Ct. 2151 (2013)."[23] This claim must fail for two reasons. First, the claim lacks substance because a jury found that he caused serious bodily injury to the complainant. Therefore, his mandatory sentence was legal under Alleyne. Second, any claim that he was sentenced under an unconstitutional statute is waived because he did not raise an unconstitutionality issue in the lower court.[24]

In Alleyne v United States, the U.S. Supreme Court held that "any 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime." Alleyne v. United States, 133 S.Ct. 2151, 2160 (2013). The Court determined that "the Sixth Amendment provides defendants with the right to have a jury find those facts beyond a reasonable doubt." Id. The Pennsylvania Supreme Court has also held that "[w]hen a decision of the [U.S. Supreme] Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review " Commonwealth v. Newman, 99 A.3d 86, 90 (Pa.Super. 2014). The Superior Court has also upheld a mandatory minimum sentence under 42 Pa.C.S.A. § 9712.1(a) where the facts for determining the mandatory minimum were proven to a jury beyond a reasonable doubt. Commonwealth v. Watley, 81 A.3d 108, 121 (Pa.Super. 2013).

---

[23] Appellant's Statement of Matters Complained of on Appeal Pursuant to Pa R.A.P 1925(b)
[24] See Pa R A P 302.

9

In the present case, the Appellant was found guilty of Attempted Murder of the First Degree.[25] The Appellant was sentenced to the maximum 20-40 years confinement as defined by statute.[26] Subsection C of the statute holds that an attempt "where serious bodily injury results" may be punished by a sentence not to exceed 40 years. The statute also holds that "where serious bodily injury does not result," the term of imprisonment shall be no more than 20 years. As Alleyne requires, any fact that increases the minimum sentence must be submitted to the jury.

In his PCRA petition, the Appellant claimed that the jury did not make a specific finding that the Appellant caused serious bodily injury to the complainant, and therefore the sentence was illegal.[27] This claim is patently false. The factor of serious bodily injury was not determined by the trial court by a preponderance of the evidence. On the contrary, this question was submitted to the jury to be determined beyond a reasonable doubt separate from the inchoate offense:

**The Crier:** ...charging the defendant with the following charge of attempted murder, how say you, guilty or not guilty?
**The Foreperson:** Guilty.
**The Crier:** To the question of serious bodily injury, yes or no?
**The Foreperson:** Yes.[28]

Since a jury found that the Appellant caused serious bodily injury to the complainant beyond a reasonable doubt, this claim is unfounded.

Furthermore, the Appellant's claim that the statute itself is unconstitutional under Alleyne must fail. While the Appellant argued in his PCRA petition that he was sentenced illegally, he

---

[25] Court Summary Report for CP-51-CR-0006071-2010.
[26] 18 Pa C.S A § 1102(c)
[27] Appellant's Supplemental Petition Under Post-Conviction Relief Act
[28] N.T 2/6/2012 at 5

did not raise any issue as to the constitutionality of the statute itself. As stated above, "issues not raised in the lower court are waived and cannot be raised for the first time on appeal."[29]

---

[29] Pa.R.A.P. 302

11

## CONCLUSION

The Appellant contends that the Court erred in four ways. However, the Court finds no merit in the Appellant's contentions.

First, the Appellant asserts that the Court erred in failing to grant him PCRA relief because of counsel's failure to object to "improper" opinion testimony. However, the Appellant failed to show that his counsel was ineffective under this claim. Second, the Appellant asserts that the Court erred in failing to grant him PCRA relief because of counsel's failure to object to the introduction of a witness. However, the Appellant failed to show that his counsel's failure to object was inappropriate under the circumstances. This is especially true since the complainant recanted his testimony. Third, the Appellant asserts that the Court erred when it failed to hold an evidentiary hearing about the issues raised in his PCRA petition. However, the Appellant did not show a dispute over a genuine issue of material fact. Finally, the Appellant asserts that the Court erred by imposing an illegal sentence. However, the sentencing statute and procedure satisfied the constitutional requirements of <u>Alleyne</u>. For these above reasons, no relief should be granted.

By the Court,

Glynnis D. Hill, Judge

12